UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBER ESTELL ORRIS, | No. 1:16-CV-03169-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 14. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Timothy M. Durkin and Special Assistant United States Attorney Jeffrey E. Staples.

**I.    Jurisdiction**

On November 6, 2012 Plaintiff filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income (SSI). Plaintiff alleged she became disabled on September 15, 2012, due to chronic back and hip scoliosis, back injury/pain, right hip injury/pain, depression, and anxiety.

Her application was denied initially on October 28, 2013, and again denied

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

on reconsideration on March 12, 2014. A timely request for a hearing was made. On December 16, 2014, Plaintiff appeared at a hearing in Yakima, Washington before Administrative Law Judge (ALJ) Timothy Mangrum, who presided over the hearing by video from Seattle. Vocational expert Michael W. Swanson and Plaintiff's witness, Nicholas Bredwell, also appeared at the hearing. Plaintiff was represented by attorney D. James Tree.

The ALJ issued a decision on March 18, 2015, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on August 9, 2016. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. § 405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 23, 2016. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

§ 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1    The initial burden of proof rests upon the claimant to establish a prima facie

2    case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

3    (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

4    mental impairment prevents her from engaging in her previous occupation. *Id*. At

5    step five, the burden shifts to the Commissioner to show that the claimant can

6    perform other substantial gainful activity. *Id.*

7    **III.    Standard of Review**

8    The Commissioner's determination will be set aside only when the ALJ's

9    findings are based on legal error or are not supported by substantial evidence in

10   the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)

11   (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

12   *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."

13   *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial

14   evidence is "such relevant evidence as a reasonable mind might accept as adequate

15   to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the

16   ALJ's denial of benefits if the evidence is susceptible to more than one rational

17   interpretation, one of which supports the decision of the administrative law judge.

18   *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can

19   support either outcome, the court may not substitute its judgment for that of the

20   ALJ." *Matney*, 981 F.2d at 1019.

21   A decision supported by substantial evidence will be set aside if the proper

22   legal standards were not applied in weighing the evidence and making the

23   decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433

24   (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are

25   immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec.*

26   *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

27   //

28   //

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 29 years old. She first began experiencing lower back pain in her childhood. She has a family history of significant lumbar degenerative disc disease. These symptoms significantly increased after an injury in September 2012. Prior to the injury, she was working, renting her own place, and had a car. After the injury she has been unable to work.

Plaintiff has pain in her lower back and her hips. She reports that she can stand for about 30 minutes at a time. On her good days, she is able to complete household tasks in 15 minute increments. On bad days, she needs help to dress or tie her shoes. She had carpel tunnel surgery on her right hand, which relieved the pain and now she is able to carry milk with it. She needs carpel tunnel surgery in her left hand. She has difficulty sleeping due to her pain.

Plaintiff never goes out of the house without assistance. She has assistance with grocery shopping and does not drive. She usually walks with a cane or walker. Her previous employment includes childcare and cashier work.

**V.    The ALJ's Findings**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 15, 2012, the alleged onset date. (Tr. 23.)

At step two, the ALJ found Plaintiff has the following severe impairments: back disorder and carpal tunnel syndrome status post release surgery. (Tr. 24.) Specifically, the ALJ found that Plaintiff has no severe hip/SI joint impairment, no established medically determinable sleep impairment, and no medically determinable mental health impairment. (Tr. 24-25.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listings 1.04 (Disorders of the Spine); or 1.02 (Major dysfunction of a joint(s) (due to any cause)) (Tr. 25.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

The ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that she can lift 20 pounds occasionally and 10 pounds frequently; she can stand and or walk 6 hours in an eight-hour workday; she can sit 6 hours in an eight-hour workday; she can occasionally climb ladders, ropes and scaffolds; she can frequently climb ramps and stairs; she can frequently stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to extreme cold, vibration, and unprotected heights. (Tr. 25-26.)

At step four, the ALJ found Plaintiff is capable of performing past relevant work as a cashier II and a retail clerk because performance of work-related activities is not precluded by the claimant's functional capacity.

The ALJ relied on the testimony of a vocational expert and concluded that Plaintiff is capable of performing her past work as generally performed. Additionally, the ALJ relied on the vocational expert's testimony that even if an individual was further limited to frequent handling and fingering, the individual could still perform Plaintiff's past work. As such, the ALJ concluded that Plaintiff was not disabled from September 15, 2012, the date the application was filed, through March 18, 2015, the date of ALJ's decision.

## VI. Issues for Review

1. Whether the ALJ properly determined Plaintiff's severe impairments?

2. Whether the ALJ properly weighed the medical evidence?

3. Whether the ALJ properly evaluated Plaintiff's credibility?

## VII. Analysis

### 1. Step Two Analysis

At step two, the ALJ found only two severe impairments: back disorder and carpal tunnel syndrome status post release surgery and specifically found that Plaintiff did not have the following severe impairments: severe hip/SI joint impairment, sleep impairment or any mental health impairment.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

The step two inquiry is the "*de minimis*" screening device to dispose of groundless claims. *Yuckert*, 482 U.S. at 153-54. "Step two impairments may not be found severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original). For the most part, omissions at step two are often harmless error if step two is decided in the claimant's favor. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Here, step two was decided in Plaintiff's favor because the ALJ continued to subsequent steps on the sequential evaluation, and thus, any error would be harmless regarding the step two analysis.

That said, it is clear the ALJ erred in failing to consider the diagnoses of Chronic Pain Syndrome, Pain Disorder Associated with Psychological and Physical Factors, hip pain, poor sleep efficiency, SI joint dysfunction, and depression and anxiety. These diagnoses are well-documented in the record.

## 2.    Evaluation of the Medical Evidence

The ALJ erred in giving only little weight to the opinions of Plaintiff's treating physicians. The reasons provided by the ALJ do not meet the standards required for rejecting treating physician's opinions.

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[1]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating

---

[1] 20 C.F.R. § 416.927(c)(2) states: "Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* This requires the ALJ to "[set] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). On the other hand, where the treating doctor's opinion is not contradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

Dr. Jackson and Dr. Kwon are Plaintiff's treating physicians. Dr. Jackson has been treating Plaintiff since 2012. During her treatment of Plaintiff, Dr. Jackson noted her concern about the integrity of Plaintiff's hips. She indicated there is a lot of popping sensation in both hips and acknowledged difficulty with ADLs because she is currently using a walker. In 2012, she indicated that Plaintiff was severely limited and would be unable to complete sedentary work. In 2014,

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

she concluded that although Plaintiff could only complete sedentary work, she could not do so on a continuous basis.

Dr. Kwon is a physician at Water's Edge Memorial Pain Relief Institute. Summaries of her visits with Dr. Kwon indicate that Dr. Kwon considered Plaintiff to have the following medical conditions, in additional to SI joint dysfunction: pain disorder associated with psychological and physical factors; chronic back pain; arthralgia; joint pain; galactorrhea; pituitary adenoma; arm numbness; carpal tunnel syndrome bilateral ankle pain, foot pain, bilateral and acquired scoliosis. (Tr. 779).

The ALJ failed to offer the "specific and legitimate reasons" for rejecting Plaintiff's treating doctors' conclusions. The ALJ found that Dr. Jackson's were not consistent with the record, noting that objective imaging and exam findings were either normal or "generally mild." However, the records indicate decreased range of motion that is consistent with her diagnoses. The ALJ also believed that Dr. Jackson's opinions were not entitled to great weight because she indicated that Plaintiff's impairments began approximately in 2009, which is before Dr. Jackson started treating her. The ALJ also took issue with Dr. Jackson's statement that she guessed Plaintiff would need to lay down during the day. These reasons do not justify the ALJ rejecting all of Dr. Jackson's opinions and do not justify ignoring Dr. Jackson's opinions in formulating the RFC.

## 3.    Credibility Determination

The ALJ found that Plaintiff's description of the intensity, persistence and limiting effects of her symptoms are not entirely credible.

The ALJ must make two findings before it can find a claimant's pain or symptom testimony is not credible. *Treichler v. Comm'r*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

*Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

"The intensity, persistence, and limiting effects of many symptoms can be clinically observed and recorded in the medical evidence. Examples such as reduced joint motion, muscle spasm, sensory deficit and motor disruption illustrate findings that may result from, or be associated with, the symptom of pain." SSR 16-3p. Title II and XVI: Evaluation of Symptoms in Disability Claims.[2] An individual's statements about the intensity, persistence, and limiting effects of symptoms should not be disregarded solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual. *Bunnell v. Sullivan*, 947 F.2d 341, 347 (9th Cir. 1991); *see also* SSR 16-3p. "A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors [the ALJ] consider[s] in evaluating the intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p.

The ALJ should also consider the following factors in evaluating the intensity, persistence, and limiting effects of an individual's symptoms: 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other

---

[2] Social Security Rulings (SSRs) "do not carry the 'force of law,' but they are binding on ALJs nonetheless. They 'reflect the official interpretation of the [SSA] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations.'" *Molina v. Astrue*, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (quotations omitted).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.*

Here, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's credibility regarding her symptoms. Plaintiff has been treated for joint pain, including back and hip pain since 2012 (and even in 2009). The medical records document reduced joint motion. There is nothing in her treatment records that suggest she is malingering or drug-seeking. The ALJ failed to consider the factors set forth in SSR 16-3p, which all support a finding that Plaintiff's description of her symptoms is credible. Notably, the record demonstrates Plaintiff's persistent attempts to obtain relief from her pain, including increasing dosages and changing medications, trying a variety of treatment, and referrals to specialists. Also, the record does not support the ALJ's finding that Plaintiff's limited daily activities are "inconsistent" with her physical limitations caused by her joint pain. Rather, her description of her daily activities (as well as the description by them by Mr. Bredwell) are consistent with the treatment records.

The ALJ relied, in part, on Dr. Toews' conclusion that Plaintiff's behavior was inconsistent with the severity of her complaints. Dr. Toews' opinion on this issue is not entitled to any weight. Dr. Toews only met briefly with Plaintiff on one occasion. His conclusion goes well beyond his expertise and the scope of his psychological examination.

Also, while the ALJ's step two errors were harmless at step two of the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

analysis, the failure to consider several of Plaintiff's severe impairments (as diagnosed by her treating physicians) clouded the ALJ's credibility determination. For instance, if the ALJ actually considered the diagnoses of SI Joint Dysfunction, Chronic Pain Syndrome, and hip pain, it becomes clear that Plaintiff's testimony regarding her symptoms and related limitations is supported by substantial evidence in the record.

**4.    Conclusion**

The ALJ erred in giving little weight to the opinions of Plaintiff's treating physicians. Dr. Jackson, who has treated Plaintiff for at least 2 years, concluded that at most, Plaintiff can complete sedentary work, but not on a continuous basis. If Dr. Jackson's opinion is given proper weight, it is clear that Plaintiff is disabled. Thus, remanding this case will serve no useful purpose. *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

3.  The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4.   The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

5.   Application for attorneys' fees may be filed by separate motion.

///
///
///
///
///
///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 31st day of July 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**